JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

STEFAN J. BACHMAN
Trial Attorney (S.C. Bar No. 102182)
JASON T. BARBEAU
Senior Trial Attorney (D.C. Bar No. 468200)
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
(202) 616-6536 (telephone)
(202) 514-0097 (facsimile)
stefan.bachman@usdoj.gov
jason.barbeau@usdoj.gov

KENJI M. PRICE
United States Attorney
District of Hawaii

RACHEL S. MORIYAMA  #3802
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile: (808) 541-2958
Email: Rachel.Moriyama@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

_____
                                          )
**UNITED STATES OF AMERICA,**             )

1

<table>
<tbody>
<tr><td></td><td>)</td><td></td></tr>
<tr><td style="text-align:center">Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Civil Action No.  1:18-cv-242</td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>COMPLAINT</td></tr>
<tr><td>TWOL LLC, LOI CHI HANG,</td><td>)</td><td></td></tr>
<tr><td>NGUYEN NGOC TRAN, and</td><td>)</td><td></td></tr>
<tr><td>LNK FISHERY LLC,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td style="text-align:center">Defendants.</td><td>)</td><td></td></tr>
</tbody>
</table>

## COMPLAINT

Plaintiff, the United States of America, acting at the request of the United States Coast Guard, files this Complaint and alleges the following:

## NATURE OF THE ACTION

1.     This is a civil action brought by the United States against the defendants for civil penalties and injunctive relief stemming from numerous violations of Section 311 of the Clean Water Act ("CWA" or the "Act"), 33 U.S.C. § 1321. The Complaint addresses willful discharges of oil, including oily bilge water, from the commercial fishing vessel *Elizabeth* into the ocean offshore of Hawaii and related violations of the Coast Guard's pollution control regulations. In particular, the United States seeks CWA penalties from Defendants TWOL LLC, Loi Chi Hang, and Nguyen Ngoc Tran, along with CWA injunctive relief from all defendants.

## JURISDICTION, AUTHORITY, AND VENUE

2.     This Court has jurisdiction over this matter pursuant to Section

311(b)(7)(E), (e), and (n) of the CWA, 33 U.S.C. § 1321(b)(7)(E), (e), (n), and 28

U.S.C. §§ 1331, 1345, and 1355.

3.     Authority to bring this action is vested in the United States

Department of Justice by, *inter alia*, 28 U.S.C. §§ 516 and 519.

4.     Venue is proper in this District pursuant to Section 311(b)(7)(E), (e),

and (n) of the CWA, 33 U.S.C. § 1321(b)(7)(E), (e), (n), and 28 U.S.C. §§ 1391

and 1395(a), because the claims arose in this district and Defendants reside and do

business in this district.

## DEFENDANTS

5.     Defendant LNK Fishery LLC is a Hawaii limited liability company with its

business address and registered agent in Honolulu, Hawaii. The company was

created in February 2018 and now owns the U.S.-flagged *Elizabeth* a/k/a *Pacific

Dragon* (Official Number: 1021265) ("the *Elizabeth*").[1] The *Elizabeth* is

homeported in Honolulu and authorized to fish for species such as tuna and

---

[1] The vessel was named the *Elizabeth* from on or about May 13, 2015, until May
23, 2017, when TWOL LLC changed the vessel's name to the *Pacific Dragon*. The
Complaint alleges violations that occurred while the vessel was named the
*Elizabeth*.

swordfish. The vessel measures approximately 81 feet long and is approximately 137 gross tons. The vessel is configured for longline fishing.

6.     Defendant TWOL LLC is a Hawaii limited liability company with its business address and registered agent in Honolulu, Hawaii. The company owned the *Elizabeth* at times relevant to the CWA violations alleged in this Complaint.

7.     Defendant Loi Chi Hang ("Loi Hang") is a member-manager of TWOL LLC and LNK Fishery LLC. Loi Hang operates or is a person in charge of the *Elizabeth* and is a responsible corporate officer for the CWA violations alleged in this Complaint. Loi Hang resides in Honolulu, Hawaii.

8.     Defendant Nguyen Ngoc Tran ("Nguyen Tran") is a member-manager of TWOL LLC and LNK Fishery LLC. Nguyen Tran operates or is a person in charge of the *Elizabeth* and is a responsible corporate officer for the CWA violations alleged in this Complaint. Nguyen Tran resides in Honolulu, Hawaii.

## FACTS

9.     TWOL LLC owned the *Elizabeth* from at least May 2015 until February 2018, when it transferred ownership of the vessel to LNK Fishery LLC.

10.     The *Elizabeth* has a history of violations of the Coast Guard's pollution control regulations.

11.     At all times relevant to this Complaint, Loi Hang and Nguyen Tran were the persons in charge of TWOL LLC, LNK Fishery LLC, and the *Elizabeth*.

4

They manage the *Elizabeth*, purchase equipment for the vessel, coordinate vessel repair and maintenance, familiarize new operators with vessel procedures, hire crewmembers, and schedule fishing voyages.

12.     Loi Hang and Nguyen Tran knew before December 1, 2016, that the *Elizabeth* lacked the equipment and capacity to retain oily mixtures generated while underway and that the *Elizabeth* regularly discharged oil overboard during voyages.

13.     Loi Hang and Nguyen Tran nonetheless directed the *Elizabeth* to get underway for fishing voyages between December 1, 2016, and March 2, 2017.

14.     Loi Hang and Nguyen Tran had responsibility and authority to prevent or promptly correct the violations alleged in this Complaint.

15.     Loi Hang and Nguyen Tran failed to take action to correct the violations alleged in this Complaint.

## The February 2017 Fishing Voyage

16.     On or about February 11, 2017, the *Elizabeth* left port with 6 persons on board to fish for tuna.

17.      Fuel oil and lube oil routinely leaked from machinery into the *Elizabeth*'s engine room bilge. Water and other waste fluids that entered the engine room bilge commingled with the oil and formed an oily mixture.

18.     Pathways for excess water to enter the engine room included a corroded and deteriorated metal bulkhead and a faulty shaft seal that allowed free flow of fluids between the engine room bilge and the fish hold.

19.     When ice melted in the vessel's fish hold, water flowed through the unsealed shaft fitting and other holes in the bulkhead into the engine room bilge. Bilge water containing oily waste and other bilge contaminants could also flow from the engine room into the fish hold.

20.     Substantial amounts of water from ice melt regularly flowed into the engine room bilge, which led crewmembers to activate a portable electric water pump to discharge the bilge's contents, including oily mixtures, overboard each time the fluid level in the bilge appeared high or a high-level alarm sounded.

21.     During the February 2017 voyage, crewmembers discharged oil and other waste in the *Elizabeth*'s engine room bilge overboard at least one or more times per day.

## Coast Guard Law Enforcement Boarding

22.     At approximately 10:00 p.m. on March 2, 2017, a law enforcement team from the Coast Guard Cutter *Kittiwake* conducted a boarding of the *Elizabeth* as the vessel was returning to port. The boarding occurred outside Honolulu Harbor, near Sand Island.

23.     The Coast Guard boarding team discovered a portable electric water pump in the vessel's engine room bilge. The pump had a discharge rate of 62 gallons per minute.

24.     The pump was connected to a system of pipes and flexible hoses that ran from the engine room up to the *Elizabeth*'s exterior weather deck. Oily mixtures and other fluids transported through the pipes and hoses discharged onto the weather deck and flowed overboard through the vessel's scuppers.

25.     Waste oil was clearly visible on piping and equipment in the engine room, and several gallons of oily mixture were present in the engine room bilge.

26.     Crewmembers had discharged the engine room bilge contents overboard about 3 or 4 hours before the law enforcement boarding began.

27.     A washing machine and a shower in the engine room drained directly to the bilge. Coast Guard members discovered detergent and a degreasing agent in the engine room, which when added to oily water act as a dispersant or emulsifier and serve to mask the presence of oil on the surface of the water.

28.     The *Elizabeth* did not have an oil-water separating system on board, and the *Elizabeth* lacked the capacity to store the quantity of oily mixtures generated on a typical fishing voyage.

29.     During the inspection, the Coast Guard also identified a number of violations of longstanding pollution control regulations, including: failure to have

the capacity to store oily mixtures on board, failure to display a lawful "Discharge of Oil Prohibited" placard, failure to have a garbage management plan, and failure to provide proper oil transfer procedures.

## Prior Fishing Voyages

30.    Subject to reasonable opportunity for further investigation or discovery, the condition of the engine room bulkhead and shaft seal caused oily mixtures to fill the engine room bilge on previous fishing voyages.

31.    Rather than properly treat or store the engine room's oily bilge water on board the *Elizabeth*, Loi Hang and Nguyen Tran purchased and installed the portable bilge pump before December 1, 2016, for the express purpose of pumping oily bilge water out of the engine room into the ocean.

32.    Crewmembers regularly discharged oily mixtures overboard on previous fishing voyages, including voyages that occurred between on or about December 25, 2016, to January 15, 2017, and January 22 to February 2, 2017.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Civil Penalties for Violation of CWA Section 311(b)(3),
33 U.S.C. § 1321(b)(3) – Discharges of Oil**

33.    The preceding paragraphs are incorporated herein.

34.    Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), prohibits the discharge of oil  "into or upon," *inter alia*, "the navigable waters of the United

States . . . the contiguous zone . . . or which may affect natural resources belonging to, appertaining to, or under the exclusive management authority of the United States (including resources under the Magnuson-Stevens Fishery Conservation and Management Act) in such quantities as may be harmful . . . ."

35.     Congress directed the President to determine by regulation "those quantities of oil and any hazardous substance the discharge of which may be harmful to public health or welfare or the environment of the United States."  33 U.S.C. § 1321(b)(4). The President delegated authority to the Administrator of the Environmental Protection Agency under CWA § 311(b)(3) and (b)(4) for determining quantities of oil the discharge of which may be harmful. Exec. Order No. 12777, Section 8(a), 56 Fed. Reg. 54757, 54768 (1991). The EPA determined that discharges of oil that "violate applicable water quality standards, or cause a film or sheen upon or discoloration of the surface of the water or adjoining shorelines, or cause a sludge or emulsion to be deposited beneath the surface of the water or upon adjoining shorelines" are, for purposes of Section 311(b)(4) of the CWA, discharges of oil in such quantities that may be harmful to the public health or welfare or the environment of the United States. 40 C.F.R. § 110.3.

36.     It is unlawful to circumvent EPA's harmful quantity determination by adding "dispersants or emulsifiers to oil to be discharged." 40 C.F.R. § 110.4.

37.     Pursuant to Section 311(b)(7)(A) of the CWA, "[a]ny person who is the owner, operator, or person in charge of any vessel . . . from which oil . . . is discharged in violation of paragraph (3), shall be subject to a civil penalty . . . ." 33 U.S.C. § 1321(b)(7)(A).

38.     Civil penalties will be increased pursuant to Section 311(b)(7)(D) of the CWA if the violation results from "gross negligence or willful misconduct." 33 U.S.C. § 1321(b)(7)(D).

39.     TWOL LLC, Loi Hang, and Nguyen Tran are each a "person" within the meaning of Section 311(a)(7) of the CWA. 33 U.S.C. § 1321(a)(7).

40.     TWOL LLC, Loi Hang, and Nguyen Tran were at times relevant to this Complaint the owner, operator, and person in charge of the vessel from which oil was discharged within the meaning of Section 311(a)(6) of the CWA. 33 U.S.C. § 1321(a)(6). Loi Hang and Nguyen Tran also are the responsible corporate officers for these CWA violations.

41.     The *Elizabeth* is a "vessel" within the meaning of Section 311(a)(3) of the CWA. 33 U.S.C. § 1321(a)(3).

42.     Each incident in which the *Elizabeth* pumped oily mixtures overboard constitutes a "discharge" of oil within the meaning of Section 311(a)(2). 33 U.S.C. § 1321(a)(2). For the purposes of Section 311(a)(2) of the CWA, "discharge" is defined to include "any spilling, leaking, pumping, pouring, emitting, emptying or

dumping . . . ," subject to certain specified exceptions not applicable here.
33 U.S.C. § 1321(a)(2).

43.    The discharges were of "oil" within the meaning of Section 311(a)(1)
of the CWA. 33 U.S.C. § 1321(a)(1).

44.    The oil discharges were into or upon the ocean offshore of Hawaii,
including the exclusive economic zone ("EEZ").

45.    Multiple discharges occurred while the *Elizabeth* was fishing in and
traveling through the habitat of numerous types of natural resources. The oil
discharges may have affected natural resources, including water, fish, dolphins, sea
turtles, whales, sharks, birds, and biota, belonging to, appertaining to, or under the
United States' exclusive management authority.

46.    Discharging oil into and upon waters that these species inhabit is
known to cause them harm.

47.    The oil discharges were in a quantity "as may be harmful" within the
meaning of Section 311(b)(3) and (4) of the CWA, 33 U.S.C. § 1321(b)(3) and (4),
and 40 C.F.R. § 110.3.

48.    The oil discharges violated Section 311(b)(3) of the CWA. 33 U.S.C.
§ 1321(b)(3).

49.     The oil discharges resulted from TWOL LLC's, Loi Hang's, and Nguyen Tran's willful misconduct or gross negligence. TWOL LLC, Loi Hang, and Nguyen Tran knew discharging oily mixtures overboard is unlawful.

50.     TWOL LLC, Loi Hang, and Nguyen Tran are each liable for civil penalties of up to $46,192 per day of violation or $1,848 per barrel discharged under CWA Section 311(b)(7)(A), or under Section 311(b)(7)(D) if it is proved that the violations are the result of gross negligence or willful misconduct, a minimum of $184,767 and up to $5,543 per barrel discharged. 33 U.S.C. §1321(b)(7)(A), (D); s*ee also* 83 Fed Reg. 13826 (April 2, 2018) (updating 33 C.F.R. § 27.3 and listing these inflation-adjusted penalty rates for violations occurring after November 2, 2015).

## SECOND CAUSE OF ACTION

### Civil Penalties for Regulatory Violations under CWA Section 311(b)(7)(C), 33 U.S.C. § 1321(b)(7)(C) – Failure to Have Capacity to Retain Oily Mixtures On Board

51.     The preceding paragraphs are incorporated herein.

52.     Any person who fails or refuses to comply with any regulation issued under Section 311(j) of the CWA, 33 U.S.C. § 1321(j), shall be subject to a civil penalty of up to $46,192 per day for each violation pursuant to Section 311(b)(7)(C). 33 U.S.C. § 1321(b)(7)(C); *see also* 83 Fed Reg. 13826 (April 2,

2018) (updating 33 C.F.R. § 27.3 and listing these inflation-adjusted penalty rates for violations occurring after November 2, 2015).

53.     The Coast Guard has promulgated pollution control regulations under the authority of Section 311(j) of the CWA, including 33 C.F.R. § 155.350. Pursuant to 33 C.F.R. § 155.350, no person may operate an oceangoing vessel less than 400 gross tons unless the vessel:  (1) "[h]as the capacity to retain on board all oily mixtures and is equipped to discharge these oily mixtures to a reception facility;" or (2) "[h]as approved oily-water separating equipment . . . ."

54.     The *Elizabeth* is less than 400 gross tons.

55.     The *Elizabeth* does not have an oil-water separating system on board.

56.     TWOL LLC, Loi Hang, and Nguyen Tran operated the *Elizabeth* between at least December 1, 2016, and March 2, 2017, without the capacity to retain on board the oily mixtures generated during fishing voyages.

57.     TWOL LLC, Loi Hang, and Nguyen Tran are each liable for civil penalties of up to $46,192 per day for each violation under Section 311(b)(7)(C) of the CWA.

## THIRD CAUSE OF ACTION

### Civil Penalties for Regulatory Violations under CWA Section 311(b)(7)(C), 33 U.S.C. § 1321(b)(7)(C) – Failure to Display a Proper Oil Discharge Placard

58.     The preceding paragraphs are incorporated herein.

59.     Any person who fails or refuses to comply with any regulation issued under Section 311(j) of the CWA, 33 U.S.C. § 1321(j), shall be subject to a civil penalty of up to $46,192 per day for each violation pursuant to Section 311(b)(7)(C). 33 U.S.C. § 1321(b)(7)(C); *see also* 83 Fed Reg. 13826 (April 2, 2018) (updating 33 C.F.R. § 27.3 and listing these inflation-adjusted penalty rates for violations occurring after November 2, 2015).

60.     The Coast Guard has promulgated pollution control regulations under the authority of Section 311(j) of the CWA, including 33 C.F.R. § 155.450. Pursuant to 33 C.F.R. § 155.450, a vessel 26 feet in length or greater must conspicuously display in each machinery space or at the bilge and ballast pump control station a "Discharge of Oil Prohibited" placard printed in the language or languages understood by the crew.

61.     The *Elizabeth* is 81 feet in length.

62.     On March 2, 2017, a Coast Guard boarding team found no "Discharge of Oil Prohibited" placard displayed in the *Elizabeth*'s engine room or at the bilge and ballast pump control station. Instead, Coast Guard officers found a "Discharge of Oil Prohibited" placard written in English and no other language affixed to the mess deck door.

63.     The *Elizabeth* did not conspicuously display a "Discharge of Oil Prohibited" placard in the engine room or at the bilge and ballast pump control station between at least December 1, 2016, and March 2, 2017.

64.     The *Elizabeth* did not display a "Discharge of Oil Prohibited" placard written in a language other than English between at least December 1, 2016, and March 2, 2017.

65.     Subject to reasonable opportunity for further investigation or discovery, foreign crewmembers working aboard the *Elizabeth* between December 1, 2016, and March 2, 2017, were unable to read English.

66.     TWOL LLC, Loi Hang, and Nguyen Tran failed to comply with the requirement to conspicuously display in each machinery space or at the bilge and ballast pump control station a "Discharge of Oil Prohibited" placard printed in a language or languages understood by the crew.  33 C.F.R. § 155.450(c).

67.     TWOL LLC, Loi Hang, and Nguyen Tran are each liable for civil penalties of up to $46,192 per day for each violation under Section 311(b)(7)(C) of the CWA.

**FOURTH CAUSE OF ACTION**

**Civil Penalties for Regulatory Violations under CWA Section 311(b)(7)(C), 33 U.S.C. § 1321(b)(7)(C) – Failure to Have or Follow a Garbage Management Plan**

68.     The preceding paragraphs are incorporated herein.

15

69.     Any person who fails or refuses to comply with any regulation issued under Section 311(j) of the CWA, 33 U.S.C. § 1321(j), shall be subject to a civil penalty of up to $46,192 per day for each violation pursuant to Section 311(b)(7)(C). 33 U.S.C. § 1321(b)(7)(C); *see also* 83 Fed Reg. 13826 (April 2, 2018) (updating 33 C.F.R. § 27.3 and listing these inflation-adjusted penalty rates for violations occurring after November 2, 2015).

70.     The Coast Guard has promulgated pollution control regulations under the authority of Section 311(j), including 33 C.F.R. § 151.57. Pursuant to 33 C.F.R. § 151.57, a manned oceangoing ship of 40 feet in length or greater that is documented under United States law and equipped with a galley and berthing must have a written garbage management plan. *See also* 33 C.F.R. § 151.51(d). The plan must describe procedures for "minimizing, collecting, processing, storing, and discharging garbage," and it must "designate the person who is charge of carrying out the plan."

71.     The *Elizabeth* is 81 feet in length.

72.     The *Elizabeth* is documented under United States law (Official Number: 1021265).

73.     The *Elizabeth* has a galley and berthing.

74.     On March 2, 2017, a Coast Guard boarding team found only a garbage management plan for the commercial fishing vessel *Knowledge* on board.  The

16

plan identified an individual who had not been on board the *Elizabeth* since 2015 as the person in charge, and crewmembers on board the vessel were unfamiliar with the plan.

75.     Subject to reasonable opportunity for further investigation or discovery, the *Elizabeth* did not have a lawful garbage management plan on board between at least December 1, 2016, and March 2, 2017.

76.     TWOL LLC, Loi Hang, and Nguyen Tran failed to comply with the requirement to have a garbage management plan on board. 33 C.F.R. § 151.57.

77.      TWOL LLC, Loi Hang, and Nguyen Tran are each liable for civil penalties of up to $46,192 per day for each violation under Section 311(b)(7)(C) of the CWA.

## FIFTH CAUSES OF ACTION

**Civil Penalties for Regulatory Violations under CWA Section 311(b)(7)(C), 33 U.S.C. § 1321(b)(7)(C) – Failure to Provide Proper Transfer Procedures**

78.     The preceding paragraphs are incorporated herein.

79.     Any person who fails or refuses to comply with any regulation issued under Section 311(j) of the CWA, 33 U.S.C. § 1321(j), shall be subject to a civil penalty of up to $46,192 per day for each violation pursuant to Section 311(b)(7)(C). 33 U.S.C. § 1321(b)(7)(C); *see also* 83 Fed Reg. 13826 (April 2, 2018) (updating 33 C.F.R. § 27.3 and listing these inflation-adjusted penalty rates for violations occurring after November 2, 2015).

17

80.     The Coast Guard has promulgated pollution control regulations under the authority of Section 311(j), including 33 C.F.R. §§ 155.720, 155.740, and 155.750.

81.     Pursuant to 33 C.F.R. § 155.720, an owner, operator, or person responsible for the operation of of a vessel "with a capacity of 250 or more barrels of oil . . . shall provide transfer procedures that meet the requirements of [Title 33, Part 155] . . . for transferring to or from the vessel . . . ." *Compare* 33 C.F.R. § 155.110 (stating that the definitions found in Title 33, Part 154 apply to the terms used in Title 33, Part 155) *with* 33 C.F.R. § 154.105 (defining "vessel operator" as "a person who owns, operates, or is responsible for the operation of the vessel").

82.     Pursuant to 33 C.F.R. § 155.740, the transfer procedures must be "[a]vailable for inspection by the . . . [Officer in Charge, Marine Inspections ("OCMI")] whenever the vessel is in operation," and the procedures must be "printed in a language or languages understood by personnel engaged in transfer operations."

83.     Pursuant to 33 C.F.R. § 155.750, the transfer procedures must contain, *inter alia*, (1) a list of each product transferred to or from the vessel; (2) a description of each transfer system on the vessel; (3) the duties by title of each officer, person in charge, tankerman, deckhand, and any other person required for

18

each transfer operation; and (4) procedures and duty assignments for tending the vessel's moorings during the transfer of oil.

84.     The *Elizabeth* has the capacity to carry over 250 barrels of fuel oil.

85.     The *Elizabeth* was in operation between December 1, 2016, and March 2, 2017.

86.     The *Elizabeth* transferred oil, including fuel oil, to or from the vessel between December 1, 2016, and March 2, 2017.

87.     In March 2017, TWOL LLC, Loi Hang, and Nguyen Tran provided transfer procedures to the Coast Guard OCMI written in English and no other language.

88.     Subject to reasonable opportunity for further investigation or discovery, foreign crewmembers engaged in transfer operations aboard the *Elizabeth* between December 1, 2016, and March 2, 2017, were unable to read English.

89.     In March 2017, TWOL LLC, Loi Hang, and Nguyen Tran provided generic transfer procedures to the Coast Guard OCMI that listed a person who had not been on board the vessel since July 2016 as the person in charge. The generic transfer procedures did not: (1) state that the procedures pertain to oil transfer operations on the *Elizabeth* or list the products the *Elizabeth* transfers; (2) describe the *Elizabeth*'s transfer system; (3) list the duties of each person required for a

transfer operation; or (4) list procedures and duty assignments for tending the vessel's moorings during a transfer.

90.    Subject to reasonable opportunity for further investigation or discovery, the *Elizabeth* did not have lawful transfer procedures that described the vessel's transfer system, listed the crewmembers' duties, and listed the products the vessel transfers between at least December 1, 2016, and March 2, 2017.

91.    TWOL LLC, Loi Hang, and Nguyen Tran failed to comply with the requirement to provide transfer procedures. 33 C.F.R. §§ 155.720, 155.740, and 155.750.

92.    TWOL LLC, Loi Hang, and Nguyen Tran are each liable for civil penalties of up to $46,192 per day for each violation under Section 311(b)(7)(C) of the CWA.

## SIXTH CAUSE OF ACTION

### Injunctive Relief under CWA Section 311(e), 33 U.S.C. § 1321(e)

93.    The preceding paragraphs are incorporated herein.

94.    In addition to civil penalties for the violations identified above, the United States seeks injunctive relief to prevent future discharges of oil from the *Elizabeth* and other violations. Section 311(e) of the CWA authorizes the Coast Guard to act when it determined there "may be an imminent and substantial threat to the public health or welfare of the United States . . . because of an actual or

threatened discharge of oil or a hazardous substance from a vessel or facility in violation of subsection (b)." 33 U.S.C. § 1321(e).

95.     Section 311(e)(1)(A) of the Act authorizes the Attorney General to secure "any relief from any person . . . as may be necessary to abate such endangerment." 33 U.S.C. § 1321(e)(1)(A). District courts have "jurisdiction to grant any relief under this subsection that the public interest and the equities of the case may require." 33 U.S.C. § 1321(e)(2).

96.     TWOL LLC, Loi Hang, Nguyen Tran, and LNK Fishery LLC are each a "person" within the meaning of Section 311(e) of the CWA.

97.     The practice of discharging oil into the ocean from the *Elizabeth*'s engine room bilge poses an imminent and substantial threat of injury to natural resources and to public health or welfare. Such practice is likely to continue unless corrective measures are imposed by the Court.

98.     As the current owner of the *Elizabeth*, LNK Fishery LLC is uniquely positioned to implement corrective measures and is a necessary party to stop future oil discharges from the vessel and abate endangerment.

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

A.     Assess civil penalties against TWOL LLC, Loi Hang, and Nguyen Tran for the oil discharge violations of Section 311(b)(3) of the CWA, 33 U.S.C.

21

§ 1321(b)(3), in the amount of up to $46,192 per day of violation or $1,848 per barrel discharged under CWA Section 311(b)(7)(A) or, if it is proved that the violations are the result of gross negligence or willful misconduct, in the amount of at least $184,767 and up to $5,543 per barrel discharged under Section 311(b)(7)(D);

B.      Assess civil penalties against TWOL LLC, Loi Hang, and Nguyen Tran of up to $46,192 per day for each violation of the Coast Guard's pollution control regulations promulgated pursuant to CWA Section 311(j), as authorized under Section 311(b)(7)(C);

C.      Order TWOL LLC, Loi Hang, and Nguyen Tran to take all steps necessary to redress or mitigate the impacts of their violations;

D.      Enjoin TWOL LLC, Loi Hang, Nguyen Tran, and LNK Fishery LLC from continuing their illegal oil discharges and order TWOL LLC, Loi Hang, Nguyen Tran, and LNK Fishery LLC to perform other appropriate injunctive relief to prevent future oil discharges and related violations; and

E.      Award such other and further relief as the Court may deem just and proper.

Respectfully submitted,

22

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


STEFAN J. BACHMAN
Trial Attorney (S.C. Bar No. 102182)
JASON T. BARBEAU
Senior Trial Attorney (D.C. Bar No. 468200)
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
(202) 616-6536 (telephone)
(202) 514-0097 (facsimile)
stefan.bachman@usdoj.gov
jason.barbeau@usdoj.gov

KENJI M. PRICE
United States Attorney
District of Hawaii


RACHEL S. MORIYAMA  #3802
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile: (808) 541-2958
Email: Rachel.Moriyama@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA